AMY, J.,
concurring in part, dissenting in part.
hi agree with the majority that summary judgment was appropriately entered in favor of Constructors and Cleco on the intentional tort issue. However, I respectfully dissent from the reversal of the summary judgment entered declaring that the Eagle policy offers neither coverage nor a duty to defend.
The Eagle policy period is listed as “1/1/99 to 1/1/00” and contains the following provision:
A. How This Insurance Applies
This workers compensation insurance applies to bodily injury by accident or bodily injury by disease. Bodily injury includes resulting death.
[[Image here]]
2. Bodily injury by disease must be caused or aggravated by the conditions of your employment. The employee’s last day of last exposure to the conditions causing or aggravating such bodily injury by disease must occur during the policy period.
(Emphasis added.)
|Jn addressing the duty to defend, the Louisiana Supreme Court has explained that:
[T]he duty to defend under an insurance agreement is broader than the scope of the duty to provide coverage. Steptore v. Masco Constr. Co., 93-2064 (La.8/18/94), 643 So.2d 1213, 1218. A court must examine the well-pleaded allegations of the plaintiffs petition to determine whether the plaintiffs allegations “unambiguously exelude[]” coverage. Id. Unless unambiguous exclusion of all of the plaintiffs claims is shown, the duty to defend arises. Id. Thus, the duty to defend does not depend upon the outcome of the suit, as it does where the purported source of the duty is an indemnity agreement; rather, where the pleadings disclose “even a possibility of liability” under the contract, the duty is triggered. Id.
Suire v. Lafayette City-Parish Consolidated Government, 04-1459, p. 18 (La.4/12/05), 907 So.2d 37, 51-52.
After reviewing the plaintiffs’ petitions in light of the above-standard, I find that the summary judgment was appropriately entered in favor of Eagle. The petition in Vidrine alleges that:
Petitioners show that sometime in early February of 2000, the exact date being unknown, certain white powdery material was uncovered at the work site and inquiries were made, out of an abundance of caution, as to the nature of the material in which various workers were performing their duties, especially if the material was asbestos ...
[[Image here]]
Petitioners show that other areas of the work site were covered in a white, powdery material and in March, April, May and June of 2000, the material was virtually everywhere and workers were removing it by hand in plastic trash bags and were covered in the material but were offered no protective gear of any type. Petitioners show that there were two distinct operations, one for Unit 6 and one for Unit 7 and that asbestos was present on both of the work sites.
(Emphasis added.) In Bertrand, the plaintiffs allege:
*202 On December 12, 1999 on a daily basis through the last date any work was performed by the Plaintiffs as employees of Constructors, Inc., the petitioners herein were exposed to foyable [sic] asbestos until after February 2, 2000, resulting in individuals requiring medical care.
|s(Emphasis added.)
Both petitions allege exposure after the January 1, 2000 expiration date of the Eagle policy. As noted above, the workers’ compensation policy provided coverage for bodily injury by disease caused or aggravated by employment. However, "[t]he employee’s last day of last exposure to the conditions causing or aggravating such bodily injury by disease must occur during the policy period.” Thus, when the allegations of the plaintiffs’ petitions are accepted, see Suire, 907 So.2d 37 and Steptore v. Masco Constr. Co., 93-2064 (La.8/18/94), 643 So.2d 1213, 1218, coverage under the policy is unambiguously excluded and no corresponding duty to defend exists. The trial court correctly entered Eagle’s motion for summary judgment.
Neither do I find merit in Constructors’ claim that, notwithstanding the duty to defend question, genuine issues of material fact exist with regard to the policy’s coverage. Again, the policy language precludes Constructors’ argument in this regard. Insofar as exposure has been alleged, the policy language as to its term of applicability excludes coverage.
For these reasons, I would affirm the summary judgment entered in favor of Eagle.